**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2160-15T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID ALLEN THOMAS,

     Defendant-Appellant.

_____

Submitted May 30, 2017 — Decided June 8, 2017

Before Judges Haas and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Indictment No.
13-12-3120.

Joseph E. Krakora, Public Defender, attorney
for appellant (Alyssa Aiello, Assistant Deputy
Public Defender, of counsel and on the brief).

Christopher S. Porrino, Attorney General,
attorney for respondent (Jennifer E. Kmieciak,
Deputy Attorney General, of counsel and on the
brief).

PER CURIAM

    Defendant David Thomas appeals from the Law Division's

December 11, 2015 order denying his motion to withdraw his guilty

plea to, and vacate his conviction for, second-degree unlawful

possession of a handgun, N.J.S.A. 2C:39-5(b).  His sole argument on appeal is that a 2013 "gun amnesty" statute, L. 2013, c. 117, § 1, ("Chapter 117") made his conduct lawful.  Defendant contends:

> POINT I
>
> [DEFENDANT] WAS CONVICTED OF CONDUCT THAT, AT THE TIME, DID NOT CONSTITUTE A VIOLATION OF N.J.S.A. 2C:39-5.  THEREFORE, THE TRIAL COURT ERRED IN DENYING [DEFENDANT'S] MOTION TO VACATE HIS CONVICTION FOR UNLAWFUL POSSESSION OF A HANDGUN.
>
> A.    The Plain Language of the Amnesty Law Establishes that [Defendant] Did Not Commit a Crime on August 22, 2013.
>
> B.    [Defendant] was Precluded from Complying with the Terms of the Amnesty Law Following his Unlawful Arrest on August 22, 2013.
>
> C.    [Defendant] Need Not Establish that He Possessed the Firearm on August 8, 2013.

Defendant's argument lacks sufficient merit to warrant extended discussion in a written opinion.  R. 2:11-3(e)(2).  We add the following brief comments.

An Atlantic County grand jury charged defendant with unlawful possession of a handgun that was found in a car in which he was riding on August 22, 2013 with two codefendants.[1]  Defendant pled

---

[1] The handgun was discovered after a police chase of the car.  The indictment also charged defendant with other offenses.  However, the disposition of these charges is not at issue in the present appeal.

guilty to his charge and, on June 27, 2014, the trial court sentenced him to seven years in prison, subject to a forty-two month period of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6(c).

On September 24, 2015, defendant filed a motion to withdraw his guilty plea in light of the so-called "amnesty provision" of Chapter 117. On December 11, 2015, the trial judge found that this statute did not apply to defendant and denied his motion.

We discern no basis for disturbing the trial judge's reasoned determination. In pertinent part, the statute upon which defendant relies states:

> Any person who has in his possession a handgun in violation of [N.J.S.A. 2C:39-5] . . . on the effective date of this act [August 8, 2013] may retain possession of that handgun . . . for a period of not more than 180 days after the effective date of this act. During that time period, the possessor of the handgun . . . shall:
>
> (1) transfer that firearm to any lawfully entitled to own or possess it; or
>
> (2) voluntarily surrender that firearm pursuant to the provisions of [N.J.S.A.] 2C:39-12.
>
> [L. 2013, c. 117, § 1.]

Under N.J.S.A. 2C:39-12, a person will not be held criminally liable for possessing a firearm "if after giving written notice of his [or her] intention to do so, including the proposed date

A-2160-15T3

and time of surrender, he [or she] voluntarily surrendered the weapon" to the appropriate police authorities.

Defendant had the burden to prove that Chapter 117 applied to him, as it was in his interest to do so, and Chapter 117 did not create an element of the unlawful possession of a handgun charge involved in this case. See N.J.S.A. 2C:1-13(d) (stating that the burden of proof for a finding of fact, which is not an element of the offense, rests on the party whose interests will be furthered if the finding were made). Defendant failed to meet this burden.

According to the plain language of Chapter 117, see In re Kollman, 210 N.J. 557, 568 (2012) (stating that if the statute's plain language is clear, the court's interpretive task is complete), the statute only applies to persons in possession of a weapon on the effective date. See State ex. rel. C.L.H.'s Weapons, 443 N.J. Super. 48, 56 (App. Div. 2015). Here, defendant was charged and convicted of possessing a handgun on August 22, 2013. In connection with his motion to vacate that conviction, defendant provided no evidence that he possessed the firearm on August 8, 2013, the effective date of Chapter 117.

Additionally, defendant did not provide written notice to authorities, nor did he voluntarily surrender his handgun under N.J.S.A. 2C:39-12. We have noted that Chapter 117 was not intended

to shield from prosecution a person who "voluntarily surrender[s]" a weapon only "after it has already been seized" by authorities. Id. at 56-57. Therefore, the trial judge correctly denied defendant's motion to vacate his conviction and withdraw his guilty plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2160-15T3